**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RICHARD GORGONI and ZAIDA GORGONI, | ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | No. 11 C 08738 |
| v. | ) | |
| | ) | Judge John J. Tharp, Jr. |
| ONEWEST BANK, FSB; DEUTSCHE BANK NATIONAL TRUST COMPANY, and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs in this case, Richard and Zaida Gorgoni, bought a house in 2004. They

obtained a loan, secured by a mortgage, to do so. They allege that their lender sold the loan,

which was ultimately securitized and included in a mortgage-backed security trust registered

with the SEC.[1] In 2005, Defendant Deutsche Bank, the trustee, terminated the trust's registration

with the SEC. Though on this point ambiguous nearly to the point of opacity, the complaint

suggests that termination of the trust's SEC registration also terminated the trust and, along with

it, the trust's ownership interest in their home. On the premise that the defendants (Deutsche

Bank and OneWest Bank, the putative loan servicer) have no interest in the note or the mortgage

because the trust terminated, the plaintiffs assert a variety of legal claims seeking to quiet title, to

recoup monies they paid on the loan, and to collect statutory penalties arising from the use of

false pretenses to dun them for mortgage payments.

---

[1] This is an oversimplified version of the alleged facts, although it is all that is needed to resolve
the instant motion.

The defendants move to dismiss the complaint, identifying a number of potential legal and factual infirmities. They also submit documents extraneous to the complaint and its exhibits, and to which the plaintiffs object. The Court, however, finds it unnecessary to decide what other material it may properly consider, because the complaint on its face fails to meet the pleading requirements of Rule 8 as interpreted by the Supreme Court.

A federal complaint must present "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2009)). The factual allegations "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

To the extent that the plaintiffs' claims depend on the thesis that the trust's de-registration with the SEC terminated the trust itself, they are frivolous. Whether a mortgage-backed security trust is registered with the SEC has nothing at all to do with its legal existence, and de-registering the trust does not terminate the trust's existence. *See, e.g.*, 15 U.S.C. 78l(g)(4); 17 C.F.R. § 240.12g–4. Although at this stage the Court must take the plaintiff's factual allegations as true and draw all reasonable inferences in the plaintiff's favor, *see Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011), the Court is not obligated to accept specious claims uncritically. Moreover, the plaintiff's assertion about effect of deregistering is a legal conclusion to which no deference is owed. *See id*. Because the plaintiffs' premise is so facially infirm, resting as it does on a misapprehension of both fact and law, they cannot meet the plausibility threshold.

In an effort to avoid dismissal, the plaintiffs argue in their response brief that they do not assert that the trust dissolved because it was de-registered; that argument, they concede, "borders on the ridiculous." Rather, they contend that the complaint alleges that the trust was de-registered either (i) because it was dissolved or (ii) because it "has elected for some reason to proceed and

act without registration, secretly."[2] The question of which of these reasons is behind the termination of registration in this case, they contend, constitutes a fact question and therefore precludes dismissal. If the former, they argue, they have a claim.

The plaintiffs' characterization of what they have pled in their complaint is difficult to credit; to the Court's view, the complaint does indeed set forth the "ridiculous" claim that de-registration of the trust terminated the trust itself. *See, e.g.*, Compl., Dkt. #14 ¶¶ 16-17 (mischaracterizing the trust's "Certification and Notice of Termination of Registration" as merely "Notice of Termination," and implying that the trust was terminated in conjunction with the filing of its final 10-K Annual Report); ¶ 43 (describing "the moment [the trust] was terminated" as March 23, 2005, the date it filed its final 10-K report).

But even crediting the plaintiffs' interpretation of their complaint, in arguing that they have a right to discovery to assess whether, in fact, the trust was dissolved, the plaintiffs badly misapprehend federal pleading requirements. They are not entitled to proceed with a federal case by positing that one of two situations occurred, one of which would entitle them to relief and one of which would not. "[T]he fact that the allegations undergirding a plaintiff's claim *could be true* is no longer enough to save it." *Atkins v. City of Chicago*, 631 F.3d 823, 831 (7th Cir. 2011). Rather, plaintiffs must allege facts sufficient to state a claim for relief that is plausible, not speculative. *Id*. at 832; *Twombly*, 550 U.S. at 555. Effectively, the plaintiffs have done no more than hypothesize that the trustee may have de-registered the trust because it had been dissolved, but they have pleaded no facts whatsoever to make that hypothesis anything other than unadulterated speculation. A complaint must contain "allegations plausibly suggesting (*not*

---

[2] The plaintiffs do not explain the basis for this either-or proposition, which fails to entertain the benign possibility that registration was not, or was no longer, required for the trust under the securities laws or SEC rules.

*merely consistent with*)" an entitlement to relief. *Id*. at 557 (emphasis added). If the plaintiffs'

thesis is that OneWest has no right to service their mortgage (*i.e.*, collect the payments), then

they are required to plead—in good faith—facts that make that claim plausible. They cannot

offer up a scenario as a mere possibility and argue that they are on that basis justified in

obtaining discovery to see whether there is any truth to their conjecture. The complaint must

supply "enough fact to raise a *reasonable* expectation that discovery will reveal evidence"

supporting the plaintiff's allegations. *Twombly*, 550 U.S. at 556 (emphasis added). The Court

cannot reasonably draw that conclusion based on the complaint and particularly plaintiffs' candid

(if misguided) response to the motion to dismiss.

The Court therefore grants the defendants' motion to dismiss without prejudice and gives

the plaintiffs leave to file a second amended complaint, if they are able to do so consistent with

the requirements of Federal Rule of Civil Procedure 11, within 30 days. In the event that the

plaintiffs file a further complaint, they (and their attorneys) are also cautioned to consider the

potential errors of fact[3] identified by the defendants' motion, briefs, and supporting materials,

and whether correction of those allegations is required.

Entered: March 28, 2013

John J. Tharp, Jr.
United States District Judge

---

[3] For example, it appears the real estate securitization trust that plaintiffs say owned their mortgage and then was dissolved was misidentified in the complaint. And it appears that the Form 15 sets forth the reason for deregistration of the trust. Standing might also be a concern: the plaintiffs have sued as individuals, but they apparently are not the mortgagors. The defendants assert that mortgage was in Mr. Gorgoni's name only and that now it is owned by a trust. If this is correct, then the Gorgonis should clarify their legal status to bring a lawsuit that includes a quiet-title claim. This sampling of potential problems with the complaint is not an exhaustive list.